Jeff Silvestri, Esq. (NSBN 5779)
Daniel I. Aquino, Esq. (NSBN 12682)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
(702) 873-4100
jsilvestri@mcdonaldcarano.com
daquino@mcdonaldcarano.com

Chad S. Hummel, Esq. (CA Bar No. 139055)
*Admitted Pro Hac Vice*
Sidley Austin LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA  90067
Telephone:  (310) 595-9505
chummel@sidley.com

*Attorneys for Defendant*
*Guild Mortgage Company LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CROSSCOUNTRY MORTGAGE LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GUILD MORTGAGE COMPANY LLC, a California limited liability company,<br><br>Defendant. | Case No.:  2:22-cv-00845-GMN-EJY<br><br>**DEFENDANT GUILD MORTGAGE COMPANY LLC'S ANSWER TO CROSSCOUNTRY MORTGAGE LLC'S COMPLAINT** |

Defendant Guild Mortgage Company LLC ("Defendant" or "Guild"), by and through its undersigned counsel of record, hereby responds to Plaintiff Crosscountry Mortgage LLC's ("Plaintiff" or "Crosscountry") Complaint as follows:

**NATURE OF THIS ACTION**

1. Answering paragraph 1 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations regarding Plaintiff's business operations contained therein, and on that basis denies the same. With respect to the remaining allegations therein, Defendant admits Plaintiff purports to bring claims under state law, but denies any wrongdoing or violation of the law.

2. Answering paragraph 2 of the Complaint, Defendant denies the allegations therein.

3. Answering paragraph 3 of the Complaint, Defendant denies the allegations therein.

**PARTIES AND JURISDICTION**

4. Answering paragraph 4 of the Complaint, Defendant admits that Guild is a California limited liability company with its sole member being a Delaware corporation. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations therein, and on that basis denies the same.

5. Answering paragraph 5 of the Complaint, Defendant admits that diversity jurisdiction exists as between the parties, but denies any wrongdoing or violation based on Plaintiff's purported claims.

6. Answering paragraph 6 of the Complaint, Defendant admits that venue is proper, but denies any wrongdoing or violation based on Plaintiff's purported claims.

7. Answering paragraph 7 of the Complaint, Defendant admits that diversity jurisdiction exists as between the parties, but denies any wrongdoing or violation based on Plaintiff's purported claims.

**FACTUAL BACKGROUND**

8. Answering paragraph 8 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same.

9. Answering paragraph 9 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same.

10. Answering paragraph 10 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same.

11.     Answering paragraph 11 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same.

12.     Answering paragraph 12 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same.

13.     Answering paragraph 13 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same.

14.     Answering paragraph 14 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same.

15.     Answering paragraph 15 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same.

16.     Answering paragraph 16 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same. To the extent the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendants deny the same.

17.     Answering paragraph 17 of the Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendants deny the same.

18.     Answering paragraph 18 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same.

/ / /

/ / /

**MS. CASIMIRO'S EMPLOYMENT AGREEMENT**

19. Answering paragraph 19 of the Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendants deny the same.

20. Answering paragraph 20 of the Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendants deny the same.

21. Answering paragraph 21 of the Complaint, Defendant avers that the allegations set forth therein reference a written document, the terms of which speak for themselves, and to the extent that Plaintiff misrepresents its contents, Defendants deny the same.

22. Answering paragraph 22 of the Complaint, Defendant objects on the grounds that this allegation calls for a legal conclusion, and no response is required. Defendant denies any wrongdoing or violation of the law.

**MS. CASIMIRO'S RESIGNATION AND CCM'S INVESTIGATION**

23. Answering paragraph 23 of the Complaint, Defendant denies the allegations therein.

24. Answering paragraph 24 of the Complaint, Defendant denies the allegations therein.

25. Answering paragraph 25 of the Complaint, Defendant denies the allegations therein.

26. Answering paragraph 26 of the Complaint, Defendant denies the allegations therein.

27. Answering paragraph 27 of the Complaint, Defendant denies the allegations therein.

28. Answering paragraph 28 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein regarding Ms. Casimiro's forwarding of emails to her personal email address, and on that basis denies the same. Defendant denies the remaining allegations therein.

29. Answering paragraph 29 of the Complaint, Defendant denies the allegations therein.

30. Answering paragraph 30 of the Complaint, Defendant denies the allegations therein.

31. Answering paragraph 31 of the Complaint, Defendant denies the allegations therein.

## FIRST CAUSE OF ACTION
### Civil Conspiracy

32. Answering paragraph 32 of the Complaint, Defendant repeats and re-alleges each and every response made in paragraphs above, as through set forth fully herein.

33. Answering paragraph 33 of the Complaint, Defendant objects to the phrases "more desirable candidate" and "processing" as vague, ambiguous, and undefined, rendering the allegation not susceptible to a knowing admission or denial, and on that basis Defendant denies the allegation.

34. Answering paragraph 34 of the Complaint, Defendant denies the allegations therein.

35. Answering paragraph 35 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same.

36. Answering paragraph 36 of the Complaint, Defendant denies the allegations therein.

37. Answering paragraph 37 of the Complaint, Defendant denies the allegations therein.

38. Answering paragraph 38 of the Complaint, Defendant objects on the grounds that this allegation calls for a legal conclusion, and no response is required. Defendant denies any wrongdoing or violation of the law.

///

///

39. Answering paragraph 39 of the Complaint, Defendant objects on the grounds that this allegation calls for a legal conclusion, and no response is required. Defendant denies any wrongdoing or violation of the law.

40. Answering paragraph 40 of the Complaint, Defendant denies the allegations therein.

41. Answering paragraph 41 of the Complaint, Defendant denies the allegations therein.

42. Answering paragraph 42 of the Complaint, Defendant denies the allegations therein.

## SECOND CAUSE OF ACTION
**Tortious Interference with Business Expectancy**

43. Answering paragraph 43 of the Complaint, Defendant repeats and re-alleges each and every response made in paragraphs above, as through set forth fully herein.

44. Answering paragraph 44 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations therein, and on that basis denies the same.

45. Answering paragraph 45 of the Complaint, Defendant denies the allegations therein.

46. Answering paragraph 46 of the Complaint, Defendant denies the allegations therein.

47. Answering paragraph 47 of the Complaint, Defendant denies the allegations therein.

48. Answering paragraph 48 of the Complaint, Defendant denies the allegations therein.

## THIRD CAUSE OF ACTION
**Tortious Interference with Contractual Relationships**

49. Answering paragraph 49 of the Complaint, Defendant repeats and re-alleges each and every response made in paragraphs above, as through set forth fully herein.

50. Answering paragraph 50 of the Complaint, Defendant objects on the grounds that this allegation calls for a legal conclusion, and no response is required. Defendant denies any wrongdoing or violation of the law.

51. Answering paragraph 51 of the Complaint, Defendant objects on the grounds that this allegation calls for a legal conclusion, and no response is required. Defendant further objects on the grounds that the allegation fails to sufficiently define a specific time period, rendering the allegation not susceptible to a knowing admission or denial, and on that additional basis Defendant denies the allegation. Defendant denies any wrongdoing or violation of the law.

52. Answering paragraph 52 of the Complaint, Defendant objects on the grounds that the allegation fails to sufficiently define a specific time period, rendering the allegation not susceptible to a knowing admission or denial, and on that basis Defendant denies the allegation.

53. Answering paragraph 53 of the Complaint, Defendant denies the allegations therein.

54. Answering paragraph 54 of the Complaint, Defendant denies the allegations therein.

55. Answering paragraph 55 of the Complaint, Defendant denies the allegations therein.

**FOURTH CAUSE OF ACTION**
**Unfair Competition**

56. Answering paragraph 56 of the Complaint, Defendant repeats and re-alleges each and every response made in paragraphs above, as through set forth fully herein.

57. Answering paragraph 57 of the Complaint, Defendant denies the allegations therein.

58. Answering paragraph 58 of the Complaint, Defendant denies the allegations therein.

59. Answering paragraph 59 of the Complaint, Defendant denies the allegations therein.

60. Answering paragraph 60 of the Complaint, Defendant denies the allegations therein.

61. Answering paragraph 61 of the Complaint, Defendant denies the allegations therein.

62. Answering paragraph 62 of the Complaint, Defendant denies the allegations therein.

### FIFTH CAUSE OF ACTION
### Injunctive Relief

63. Answering paragraph 63 of the Complaint, Defendant repeats and re-alleges each and every response made in paragraphs above, as through set forth fully herein.

64. Answering paragraph 64 of the Complaint, Defendant denies the allegations therein.

65. Answering paragraph 65 of the Complaint, Defendant denies the allegations therein.

66. Answering paragraph 66 of the Complaint, Defendant denies the allegations therein.

67. Answering paragraph 67 of the Complaint, Defendant denies the allegations therein.

Defendant denies all allegations set forth in the Complaint to the extent not specifically admitted herein.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. To the extent applicable, each and every allegation made by Plaintiff in its Complaint is time barred.

3. Defendant's alleged conduct was privileged or justified.

4. The claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages.

5. Plaintiff suffered no damages as a result of any unlawful action or inaction by Defendant.

6. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendant, but was caused by circumstances, persons, and/or entities for which and/or by whom Defendant is not and may not be held responsible, including Plaintiff, and for which Defendant cannot be held liable.

7. Any alleged damages suffered by Plaintiff were caused by Plaintiff's own conduct, or by the conduct of its agents and/or representatives.

8. Any alleged damages suffered by Plaintiff were caused by Plaintiff's ratification, or by the ratification of its agents and/or representatives.

9. If the actions of its former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendant under theories of respondeat superior or vicarious liability.

10. The incidents alleged in Plaintiff's claims, and any damages resulting therefrom to Plaintiff, were proximately caused or contributed to by Plaintiff's own negligence, and such negligence was greater than any negligence, if any, of Defendant.

11. Any incidents alleged in Plaintiff's Complaint, and the resulting damage, if any, to Plaintiff, was proximately caused or contributed to by Plaintiff's own intentional acts.

12. Plaintiff's actions are barred and/or diminished in whole or in part by the doctrine of laches, waiver, estoppel, and unclean hands.

13. Defendant did not participate in, approve or ratify the alleged acts or omissions, if any, of any unnamed or unspecified individuals referenced in Plaintiff's Complaint.

14. Defendant did not owe a legal duty of care to Plaintiff beyond the duty of ordinary care.

15. Any alleged damages suffered by Plaintiff were in no way caused by, or the result of, any fault, act or omission by Defendant but were caused by Plaintiff's own assumption of risk.

16. Plaintiff is equitably estopped from any relief against Defendant by virtue of the acts and omissions of Plaintiff.

17. Any alleged damages suffered by Plaintiff were in no way caused by, or the result of, any fault, act or omission by Defendant but were caused by an intervening or supervening cause out of the control of Defendant.

18. Any alleged damages suffered by Plaintiff were the result of unrelated, pre-existing, or subsequent conditions unrelated to Defendant's conduct.

19. Plaintiff fails to assert a claim for which injunctive relief may be granted as Plaintiff fails to show a likelihood of success on the merits, threat of irreparable harm, the balance of equities does not favor Plaintiff, and an injunction will not serve the public interest.

20. Plaintiff's claims for punitive damages are limited by statute, and/or limited by the principles of due process as articulated by the United States Supreme Court in State Farm v. Campbell, 538 U.S. 408 (2003).

21. Defendant asserts that punitive damages constitute excessive fines prohibited by the United States and Nevada Constitutions. The relevant statutes do not provide adequate standards or safeguards for their application and are void for vagueness under the due process clause of the Fourteenth Amendment of the United States Constitution and in accordance with Article 1, Section 8 of the Nevada Constitution.

22. Punitive damages against Defendant are not permissible because Plaintiff cannot establish that Defendant is guilty of oppression, fraud, or malice, express or implied.

23. Punitive damages against Defendant are not permissible because Plaintiff cannot establish any negligence on the part of Defendant that qualifies as intentional conduct.

24. Plaintiff has failed to allege facts sufficient to justify an award of attorney's fees.

25. Plaintiff's claims, in whole or in part, are subject to a valid and binding arbitration agreement.

26. Pursuant to Federal Rule of Civil Procedure 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint and Plaintiff has failed to sufficiently identify the legal or statutory bases on which its claims are based. Therefore, Defendant reserves the right to

amend its Answer to Plaintiff's Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff take nothing by the Complaint, that said Complaint be dismissed with prejudice, and an award of attorneys' fees and costs according thereto.

Dated this 8th day of July 2022.

McDONALD CARANO LLP

By: /s/ Jeff Silvestri
Jeff Silvestri, Esq. (NSBN 5779)
Daniel I. Aquino, Esq. (NSBN 12682)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
jsilvestri@mcdonaldcarano.com
daquino@mcdonaldcarano.com

Chad S. Hummel, Esq. (CA Bar No. 139055)
*Admitted Pro Hac Vice*
Sidley Austin LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
chummel@sidley.com

*Attorneys for Defendant*
*Guild Mortgage Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2022, a copy of the foregoing **DEFENDANT GUILD MORTGAGE COMPANY LLC'S ANSWER TO CROSS-COUNTRY MORTGAGE LLC'S COMPLAINT** was filed electronically through the Court's CM/ECF system, which causes service upon all counsel registered thereon.

/s/ *CaraMia Gerard*
An Employee of McDonald Carano

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966